[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Suemarie Sanabria and the defendant Feliberto Sanabria were married on May 31, 1983. Two children were born during the course of the marriage: Jennifer on August 2, 1983, and Feliberto on February 27, 1986.
Judgment of dissolution of the marriage was entered on October 20, 1993 (Bassick, J.). The court found that both children were issue of the marriage, and custody, visitation, and child support orders were entered for both children.
On August 22, 1995, the court (Axelrod, J.) entered certain orders modifying the amount of child support upward and modifying the visitation order to define certain times for the defendant father.
On February 18, 1997, the parties appeared in court, each with counsel, to present an agreement modifying child support. There is no new motion to modify in the file, a problem which could be overcome with the consent of both parties. What cannot be overcome is the underlying problem with the substance of the agreement: the parties now wish to stipulate that Jennifer is not issue of the marriage, and to agree that support should be modified so that only the other minor child Feliberto is entitled to child support from the defendant.
While the court is usually only too happy to entertain and approve agreements, the agreement of the parties to declare a child illegitimate is not one that the court will approve without a clear and convincing reason to do so. It is not only the spouses' rights that are implicated but the child's rights as well. Normally the court insists that a guardian ad litem or independent attorney be appointed to protect the rights of any child whose paternity is disputed in a dissolution of marriage action. Particularly here where the court has already entered a judgment declaring that child to be issue of the marriage and no motion to vacate the judgment or petition for new trial has been CT Page 1616 filed, the court should proceed cautiously.
The court declines to approve the parties' agreement.
Patty Jenkins Pittman, Judge